1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| DANIEL M. MULLENIX and CINDY C. MULLENIX; and D & C ENTERPRISES, INC., a Washington corporation, f/k/a INLAND MEATS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SYSCO SPOKANE INC., a Delaware corporation,<br><br>Defendant. | No. CV-13-305-LRS<br><br>CONFIDENTIALITY AND PROTECTIVE ORDER |

Pursuant to the parties' agreement in their proposed Discovery Plan and FRCP 26(c), the Court enters the following Confidentiality and Protective Order ("Protective Order"), limiting the use and disclosure of discovered information as provided herein.

IT IS HEREBY ORDERED as follows:

1.    Scope. This Protective Order shall govern discovery in this action, and shall be applicable to all information provided, produced, or obtained, whether formally or informally, in the course of discovery in this action, including, without limitation, information provided, produced, or

obtained in or through any depositions, any response to a request for admission, and any document or thing provided or made available for inspection and/or copying.

2.    <u>Definition of Confidential Information</u>. The following shall constitute Confidential Information:

(a)    Personnel information, including but not limited to sensitive and confidential personnel information regarding employees of Sysco Spokane, Inc. (Sysco) and sensitive and confidential personnel information regarding former employees of Sysco or Inland Meats, Inc. (Inland);

(b)    Nonpublic financial information and other information that contains trade secrets, future business plans, marketing plans, analysis and strategy, confidential research, or development, commercial, or other proprietary information of Sysco, Inland Meats, Inc., D&C Enterprises, Inc. or their customers, including:

(i)    Pricing information;

(ii)    Information about the volume and types of sales, about sales leads or sales incentives or sales goals;

(iii)    Contracts the producing party has with suppliers, vendors, customers, contractors, subcontractors;

(iv)    Contracts the producing party has with suppliers, vendors, customers, contractors, subcontractors;

(v)    Requests for proposals, requests for information or related documents, and responses thereto;

(vi)    Information regarding the producing party's product development, design or specifications;

(vii)    Any information which the producing party is obligated by contract or state or federal law to keep confidential;

(viii)    Personal information of any employee, customer or other person;

(ix)    Information about the producing party's computer information systems, general hardware and software specifications and related instructions and training information;

(x)    Information the producing party's business competitors could use to obtain a business or legal advantage over the producing party.

(l)    Plaintiffs' personal financial information;

(m)   Any other information, documents, or things subject to protection under the law or under prior agreements between the parties;

(n)   Any testimony regarding Confidential Information as defined in the above subparagraphs;

(o)   Extracts and summaries prepared from such materials set forth in the above subparagraphs; and

(p)   Those portions of briefs, affidavits, memorandums, depositions, or other writings, including exhibits thereto, that contain or refer to the Confidential Information.

3.    Designation of Confidential Information.

(a)   The producing party shall indicate the confidential nature of documents and other information to be produced and/or the confidential nature of testimony by affixing the word "CONFIDENTIAL" or similar language thereon or by identifying or designating such documents, other information, and/or testimony as Confidential Information in writing or on the record in a deposition or other transcribed proceeding.

(b)   The designation of Confidential Information shall appear on all documents or information containing such material, including portions of depositions, briefs, or correspondence. Confidential designations to

deposition transcripts shall be made on the record during such deposition or within thirty (30) days after the party desiring such designation receives the transcript of such deposition.  Provided, however, that a party may designate documents produced in this matter as "Confidential" on a family level (e.g. an email and its attachment(s)) in order to reduce cost and burden during the review and production process.

(c)    If material is too voluminous or it is impracticable to designate the material as Confidential Information, that material shall be so designated in the transmittal letter.

4.    <u>Restrictions on Use and Disclosure of Confidential Information</u>.

Confidential Information shall be used solely for the preparation, trial, and/or settlement (including appeals) of the above-captioned case. Confidential Information shall not be communicated or used for any other purpose whatsoever except as compelled by court order or disclosed pursuant to the Washington State Rules of Professional Conduct for attorneys at law.

5.    <u>Permitted Disclosure of Confidential Information</u>. Confidential Information shall not be given, shown, made available, communicated, or disclosed to anyone other than:

(a)    The attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on the action.

(b)    The parties themselves and any employees, advisors, or agents of the parties who assist the attorneys of record in this action, provided, however, that before any such person reviews or receives any Confidential Information, he or she must read a copy of this Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit 1 hereto, unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of his or her job duties.

(c)    Independent consultants and/or experts retained by the parties to work on the action, provided, however, that before any such consultant or expert is shown or receives any Confidential Information, he or she must read a copy of this Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit 1 hereto.

(d)    Witnesses interviewed by a party's representatives or attorney or persons deposed in this lawsuit, provided, however, that before any information, document, or thing designated as Confidential Information is shown to a witness, he or she must read a copy of this Protective Order and agree in writing to abide by the same by signing a document in the form of

Exhibit 1 hereto, unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of his or her job duties.

(e)    Stenographic and/ or video reporters engaged for depositions or other proceedings necessary to the conduct of the action.

(f)    Copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(g)    Such persons as the undersigned counsel shall mutually consent to in writing or on the record before the proposed disclosure.

(h)    The Court and court personnel.

6.    <u>Filing Under Seal</u>. Before filing any paper, document, exhibit, or thing that contains or discloses Confidential Information with the Court, the party that has designated the information as confidential shall move for an order allowing the information to be filed under seal. If the party seeking to file the designated information is not the designating party, then the party seeking to file the information shall give the designating party five (5) business days to move for an order allowing the information to be filed under

seal. The party seeking an order allowing that the document(s) be filed under seal should: (a) demonstrate that a specific prejudice or harm would result if the document is not filed under seal; (b) cite statutory, constitutional, or other authority for the Presiding Judge to seal the document(s); and (c) demonstrate that there are no other means to protect the information in the document(s). Any order allowing such a motion will be narrow in scope to ensure that the only information withheld from public inspection is information expressly authorized by law to be sealed.

7.    <u>Relief Available</u>. If a dispute arises as to the designation of materials as Confidential Information, the parties agree to attempt to resolve the issue in good faith. If the matter is not resolved by the parties, the party challenging the confidential status of information claimed to be restricted by this Protective Order shall bring the dispute before the Court for a determination.

8.    <u>Inadvertent Failure to Designate</u>. Neither the provisions of this Protective Order nor any designation or failure to designate any particular information, document, or material by a party as Confidential Information shall, in this litigation or any other litigation, constitute a waiver of the rights of a party to assert confidentiality with respect to any document, material, or

information meeting or not meeting the definition of Confidential Information in paragraph 2 above. Upon discovery of an inadvertent non-designation, the discovering party will immediately notify the opposing party, and the information, document, or material identified will be treated as if it had been originally designated as Confidential Information and will be subject to the terms of this Protective Order. If a party produces multiple identical copies of a document (but with different Bates numbers) and one has not been designated as confidential, all identical copies shall be treated according to the most restrictive designation.

9.    <u>Procedure Upon Termination of Action</u>.  Within 60 days after the termination of this action, including all appeals, each receiving party must certify destruction of all confidential material to the producing party, including all copies, extracts and summaries thereof.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material; FURTHER PROVIDED, counsel for a party may certify that Confidential documents attached to email

and stored in counsel's email systems will continue to be maintained securely and consistent with the provisions of this Order.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

10.    <u>Confidentiality Agreements Between the Parties.</u>  For purposes of this litigation, this Protective Order supersedes the requirements of all confidentiality provisions of any existing agreement between the parties.

11.    <u>Continuing Order and Continuing Jurisdiction of This Court</u>. The provisions of this Protective Order shall, absent written consent of the parties hereto, continue to be binding after the conclusion of this action, and the Court shall for six months thereafter retain jurisdiction for the purpose of ensuring compliance with the Protective Order and granting such other and further relief as may be necessary.

DATED this 28th day of October, 2013.


*s/Lonny R. Suko*

_____
LONNY R. SUKO
United States District Judge

CONFIDENTIALITY AND PROTECTIVE ORDER - 10